UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DESHAUN SOMERS,

                        Plaintiff,

v.                                                 9:21-CV-1174 (GLS/ML)

CORRECTIONAL OFFICER POWERS,
Marcy RMHU; CORRECTIONAL
OFFICER HAMLINE, Marcy RMHU; and
CORRECTIONAL OFFICER KESSLER,
Marcy RMHU,

                        Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

DESHAUN SOMERS
  *Pro Se* Plaintiff
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

LETITIA A. JAMES                           RACHAEL OUIMET, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

      Currently before the Court, in this civil rights action filed by Deshaun Somers ("Plaintiff") against Correctional Officer Powers, Correctional Officer Hamline, and Correctional Officer Kessler (collectively "Defendants"), is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41 and for an award of fees, costs, and disbursements. (Dkt. No. 40.)

For the reasons set forth below, I recommend that Defendants' motion be granted in part and denied in part.

I.    RELEVANT BACKGROUND

On October 28, 2021, Plaintiff commenced this action by the filing of a Complaint, accompanied by a motion for leave to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2.) At that time, Plaintiff was confined to the Central New York Psychiatric Center ("CNY PC"), located in Marcy, New York. (Dkt. No. 1.)

On November 24, 2021, Senior United States District Judge Gary L. Sharpe issued a Decision and Order that granted Plaintiff's IFP application, ordered that Plaintiff's Eighth Amendment claims against Defendants survived *sua sponte* review, and dismissed without prejudice all remaining claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Dkt. No. 3.)

On October 31, 2022, Defendants filed a letter motion requesting a telephone conference with the Court. (Dkt. No. 34.) Defendants' letter motion stated that on September 7, 2022, during Plaintiff's scheduled deposition, he informed defense counsel that he wanted to discontinue the instant matter but that Defendants had been unable to secure a signed stipulation of dismissal from Plaintiff. (*Id.*) Defendants' letter motion included a copy of Plaintiff's deposition transcript, in which, he swore under penalty of perjury that he "would like to discontinue this lawsuit." (Dkt. No. 34, Attach. 1 at 8:16.) In addition, Plaintiff confirmed that he was agreeable to the dismissal being with prejudice. (*Id*. at 9:9-21.)

On November 15, 2022, the undersigned held an on the record hearing. (Minute Entry dated 11/15/2022.) During the hearing on November 15, 2022, Plaintiff was placed under oath and testified that it was his intention to discontinue this litigation. (Dkt. No. 39 at 8:12-14.)

On November 29, 2022, Defendants filed the pending motion. (Dkt. No. 40.)

To date Plaintiff has not responded to Defendants' motion to dismiss with prejudice and for an award of fees, costs, and disbursements. (*See generally* docket sheet.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2)

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that a court may dismiss a case at the plaintiff's request, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the court order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap, Inc. v. Stone Int'l Trading*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citations omitted). "The United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice." *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936)).

The Second Circuit has outlined the following five factors to consider when determining whether to dismiss with prejudice: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparing for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

In addition, the Second Circuit has "conclude[d] that a district judge may convert a dismissal sought to be entered without prejudice to one with prejudice." *Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988) (footnote omitted). However, the Second Circuit held that

the district judge "must . . . afford[]" the plaintiff who brought the motion "an opportunity to withdraw his motion in the event the [district] judge decides that, if the motion is granted, [the plaintiff's claims] will be dismissed *with* prejudice." *Gravatt*, 845 F.2d at 54 (emphasis in original).

### III.    ANALYSIS

Based upon careful consideration of the foregoing case history and relevant factors, I conclude that dismissal of Plaintiff's Complaint with prejudice at this juncture is warranted.

First, Plaintiff and Defendants appear to agree that dismissal of this matter should be with prejudice. (*See* Dkt. No. 34, Attach. 1 at 9:9-21 [Plaintiff's deposition testimony confirming that he was agreeable to the dismissal being with prejudice]; Dkt. No. 40, Attach. 1 at 3 [Defendants' memorandum of law seeking dismissal with prejudice].)

Second, Plaintiff has been given an opportunity to respond to Defendants' motion, which seeks dismissal with prejudice, and has not sought to withdraw his consent to dismissal of the case. (*See generally* docket sheet.)

Third, the Court notes that the events at issue in this matter occurred on or about December 4, 2019. (Dkt. No. 1 at 2.) The statute of limitations for an action pursuant to 42 U.S.C. § 1983 accruing in New York is three years. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Thus, the statute of limitations for Plaintiff's claims likely expired on or about December 4, 2022.

For each of these reasons and those set forth by Defendants in their moving papers (Dkt. No. 40), I recommend that Plaintiff's Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

To the extent that Defendants seek an award of fees, costs, and disbursements (Dkt. No. 40 at 1), I recommend that it be denied at this juncture because Defendants fail to set forth, *inter alia*, (1) any legal basis for an award of fees, costs, and disbursements, (2) the amounts that they are seeking, and (3) evidentiary support for the amounts sought.

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** in its entirety **with prejudice**, pursuant to Fed. R. Civ. P. 41(a)(2); and it is further respectfully

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 40) be **GRANTED** to the extent that it seeks dismissal of Plaintiff's Complaint with prejudice, and **DENIED** to the extent that it seeks an award of fees, costs, and disbursements; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[1]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 20, 2023
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[1] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).